IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KEITH SCHATEK,

        Plaintiff,                No. CIV 2:10-cv-1562-GEB-JFM (PS)

    vs.

KING TSUI,

        Defendants.        <u>ORDER</u>

_____/

        On November 18, 2010, the undersigned held a status conference in this matter wherein both parties appeared in pro per. Upon consideration of the parties' filings and statements made in court and good cause appearing therefor, THE COURT ORDERS AS FOLLOWS:

        This action is proceeding on plaintiff's complaint against defendant, filed initially in state court and removed to this court on June 22, 2010. Plaintiff alleges that defendant's possession and salvaging acts on a 400-ton commercial vessel named "Headway" is improper because plaintiff is the lawful owner of the vessel.

        Federal courts have original jurisdiction over admiralty or maritime civil suits. 28 U.S.C. § 1333(1). It is well settled that the admiralty jurisdiction of federal courts extends to petitory and possessory suits concerning vessels. See <u>Ward v. Peck</u>, 59 U.S. (18 How.) 267,

267, 15 L.Ed. 383 (1855) ("In this country ... the ancient jurisdiction over petitory suits or causes of property has been retained [by courts of admiralty].").[1]  "A petitory suit is an action to try title to a vessel.  In order to bring a petitory suit, the Plaintiff must assert legal title to the vessel." Privilege Yachting, Inc. v. Teed, 849 F. Supp. 298, 301 (D. Del. 1994).  "A possessory action permits a party to adjudicate the right to possession of property that has been wrongfully taken." Id.

Here, plaintiff alleges that he is the lawful owner of the "Headway" and that defendant's possession and salvaging acts on the vessel are illegal.  Thus, plaintiff brings a possessory action.  Insofar as plaintiff seeks a determination regarding the proper legal owner of the vessel, it is also a petitory action.  Either way, this is an admiralty case.  Plaintiff also seeks damages in the amount of $15,000 for lost revenue due to the alleged theft.  The suit, then, is both a maritime action in rem and in personam.

Under Rule 82 of the Federal Rules of Civil Procedure, maritime claims are not treated as civil claims for the purposes of the general venue statutes, 28 U.S.C. § 1391-93, and

---

[1] See also Jones v. One Fifty Foot Gulfstar Motor Sailing Yacht, Hull No. 01, 625 F.2d 44, 47 (5th Cir. 1980) (finding admiralty jurisdiction over petitory cause of action by plaintiffs who asserted legal title to the vessel, the right to immediate possession, and that an unlawful taking and detention had been done by the defendant); Gallagher v. Unenrolled Motor Vessel River Queen, 475 F.2d 117, 119 (5th Cir. 1973) ("it is a fundamental principle that admiralty has jurisdiction in a possessory suit by the legal owner of a vessel who has been wrongfully deprived of possession") (quotation marks and alterations omitted) (owner of a pleasure boat, who asserted legal title to the vessel and he alleged he was divested of possession by the act of an extrinsic source, stated possessory claim); Matsuda v. Wada, 128 F. Supp.2d 659 (D. Haw. 2000); Kawa Leasing, Ltd. v. Yacht Sequoia, 544 F. Supp. 1050, 1063, 1065 (D. Md. 1982) ("plaintiffs' within prayers for relief would appear petitory in nature, which in turn means that admiralty jurisdiction is present") (suit in rem to clear cloud on title of vessel); Hunt v. A Cargo of Petroleum Products Laden on the Steam Tanker Hilda, 378 F. Supp. 701, 703-04 (E.D. Pa. 1974) ("The nature of these actions and their recognition as part of admiralty jurisdiction of this country has been well established since Justice Story's decision sitting as a Circuit Justice in The Tilton ...."); Atamanchuck v. Atamanchuck, 61 F. Supp. 459, 460 (D.N.J. 1945) ("Possessory suits may be brought in Admiralty in all cases to reinstate the owners of ships who have been wrongfully deprived of their property.") (suit in rem for possession of a vessel allegedly taken under a forged bill of sale); The Tietjen & Lang No. 2, 53 F. Supp. 459, 461 (D.N.J. 1944) (court found admiralty jurisdiction in suit by owner of ship to regain possession of ship and equipment which allegedly was wrongfully taken and to which she had legal title).

have been traditionally allowed a more generous choice of forum.  <u>Pure Oil Co. v. Suarez</u>, 384 U.S. 202, 205 (1966).  Review of this matter, however, convinces the court that venue is improper in this district.  While there is no specific venue requirement in admiralty (except where a limitation of liability is sought under the admiralty rules), the general rule is that venue in an in personam admiralty action is proper wherever the defendant can be served.  <u>See</u> <u>Davis. V. Hill Engineering, Inc.</u>, 549 F.2d 314, 324 (5th Cir. 1977).  Here, based on statements made during the November 18, 2010 status conference, the undersigned finds that defendant resides in Alameda, CA and works in San Jose, CA.  Both of these cities are located in the Northern District of California.

Further, where an action is proceeding in rem, venue is generally proper where the property is located.  <u>See</u> Fed. R. Civ. P. Supp. C(2); <u>see</u> also <u>Rife Petroleum Co. v. Cibro Sales Corp.</u>, 601 F.2d 1385, 1389 (10th Cir. 1979).  Jurisdiction arises in an in rem action when the res, or property, is arrested.  <u>See</u> <u>Bruce v. Murray</u>, 123 F. 366, 371 (9th Cir. 1903) (in a suit in rem against a vessel an actual seizure is necessary to confer jurisdiction over the vessel).  Based on statements made by plaintiff during the status conference, the court finds that the vessel is currently located at the Fulton Shipyard in Antioch, CA.  Antioch is located in the Northern District of California.

Accordingly, this district does not have jurisdiction over either the defendant or the vessel.  Because venue is improper in the Eastern District of California, the matter is hereby transferred to the Northern District of California pursuant to 28 U.S.C. § 1406(a).

DATED: December 14, 2010.

UNITED STATES MAGISTRATE JUDGE

/014;scha1562.transfer